IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF PENNSYLVANIA

PENNY WETZEL AND DAVID WETZEL, HER :
HUSBAND,                              :
                          Plaintiff, :
                                      :
            v.                        :      CIVIL ACTION NO. __2:19-cv-810__
                                      :
PIER 1 IMPORTS, INC., D/B/A PIER 1    :
IMPORTS,
                          Defendant.

## DEFENDANT, PIER 1 IMPORTS (U.S.), INC.'S (IMPROPERLY CAPTIONED AS PIER 1 IMPORTS, INC. D/B/A PIER 1 IMPORTS) PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441

Defendant, Pier 1 Imports (U.S.), Inc., improperly captioned as Pier 1 Imports, Inc. d/b/a Pier 1 Imports, ("Pier 1"), by and through its attorneys, Post & Schell, P.C., hereby petitions to remove the above-captioned action, which is presently in the Court of Common Pleas, Washington County, No. 2019-2668, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, aver as follows:

## I.   NATURE OF ACTION

1.      This action arises out of an alleged accident that occurred on July 4, 2017 at which time Plaintiff alleges to have been injured while using a "Swingasan Chair" allegedly manufactured and/or distributed by Pier 1. See a true and correct copy of Plaintiffs' Complaint attached hereto as Exhibit "A".

2.      Plaintiffs are residents of Pennsylvania with an address of 796 Baird Avenue, Washington, Pennsylvania 15301. Id. at ¶¶ 1-2.

3.      Defendant is a Delaware corporation with a principal place of business at 100 Pier 1 Place, Fort Worth, Texas 76102. Id. at ¶ 3.

4.      Plaintiff Penny Wetzel alleges to have suffered the following injuries as a result of the purported incident: concussion, left orbital fracture, cheek bone fracture, left jaw fracture, eye socket fracture, migraine headaches, memory loss, shoulder pain, neck pain, nerve pain with radiculopathy, herniated discs in her cervical spine, visual disturbances, facial disfigurement, cracked and broken teeth, a hematoma on her breast, and other injuries the full extent of which are unknown at this time. Id. at ¶ 19.

5.      In addition, Plaintiff David Wetzel has asserted a loss of consortium claim arising out of the purported incident. Id. at Count IV.

6.      Plaintiff has also asserted, pursuant to Pennsylvania pleading rules, that she suffered damages in excess of the $50,000 jurisdictional limits of a Board of Arbitrators. See Exhibit "A."

## II.    PROCEDURAL HISTORY

7.      On June 3, 2019 Plaintiffs filed a Complaint in the Washington County Court of Common Pleas. See Exhibit "A."

8.      The Complaint was served on Pier 1 on June 10, 2019.

9.      Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendant shall have thirty (30) days after service of the Complaint to file a notice of removal.

10.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendant and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.   LEGAL ARGUMENT

### A.   THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

11.   Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

12.   Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

13.   A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

14.   Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

15.   As stated above, Plaintiffs are residents of Pennsylvania and Pier 1 is a Delaware corporation with a principal place of business in Fort Worth, Texas.

16.   As a result, there is complete diversity of citizenship between the Plaintiff and the Defendant.

### B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.   Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

18.   The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

19.     "The amount in controversy is **not** measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

20.     The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

21.     In this case, Plaintiff alleges to have suffered the following injuries as a result of the purported incident: concussion, left orbital fracture, cheek bone fracture, left jaw fracture, eye socket fracture, migraine headaches, memory loss, shoulder pain, neck pain, nerve pain with radiculopathy, herniated discs in her cervical spine, visual disturbances, facial disfigurement, cracked and broken teeth, a hematoma on her breast, and other injuries the full extent of which are unknown at this time. Id. at ¶ 19.

22.     In addition, Plaintiff David Wetzel has asserted a loss of consortium claim arising out of the purported incident. Id. at Count IV.

23.     Considering all of these items of claimed recoverable damages, while Defendant disputes Plaintiff's allegations, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum.

## IV.    **CONCLUSION**

24.    Therefore, with both the existence of diversity of citizenship between the parties and the amount of controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendant, Pier 1 Imports (U.S.), Inc., respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

By:

Dated: July 3, 2019

DANIEL S. ALTSCHULER, ESQUIRE
PA I.D.: 49470
HENDRICK I. PENN, IV, ESQUIRE
PA I.D.: 92928
Attorneys for Defendant
Pier 1 Imports, Inc., d/b/a Pier 1 Imports
1600 JFK Boulevard
Four Penn Center Plaza, 13th Floor
Philadelphia, PA  19103
(215) 587-1107 / 412-506-6388
(215) 587-1444 (FAX)
E-Mail:  daltschuler@postschell.com
            hpenn@postschell.com

## CERTIFICATE OF SERVICE

DANIEL S. ALTSCHULER, ESQUIRE hereby states at a true and correct copy of the foregoing Notice of Removal to be filed with the Court and served upon counsel of record.

**POST & SCHELL, P.C.**

By: _____

Dated:  July 3, 2019

DANIEL S. ALTSCHULER, ESQUIRE
PA I.D.:  49470
HENDRICK I. PENN, IV, ESQUIRE
PA I.D.:  92928
Attorneys for Defendant
Pier 1 Imports, Inc., d/b/a Pier 1 Imports
1600 JFK Boulevard
Four Penn Center Plaza, 13th Floor
Philadelphia, PA  19103
(215) 587-1107 / 412-506-6388
(215) 587-1444 (FAX)
E-Mail:  daltschuler@postschell.com
          hpenn@postschell.com