# Exhibit "A"

## Civil Action Complaint

## Court of Common Pleas of Washington County

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

| | |
|---|---|
| PENNY WETZEL and DAVID WETZEL, her husband,<br><br>                Plaintiffs,<br><br>v.<br><br>PIER 1 IMPORTS, INC., d/b/a PIER 1 IMPORTS,<br><br>                Defendant. | CIVIL ACTION<br><br>No. 2019-2668<br><br>**COMPLAINT**<br><br>Filed on behalf of Plaintiffs:<br>Penny and David Wetzel<br><br>Counsel of record for this party:<br><br>Anthony C. Mengine, Esquire<br>Pa. I.D. # 63209<br>amengine@kontosmengine.com<br><br>Brittani R. Hassen, Esquire<br>Pa. I.D. # 309492<br>bhassen@kontosmengine.com<br><br>Kontos Mengine Killion & Hassen<br>603 Stanwix Street,<br>Two Gateway Center, Suite 1228<br>Pittsburgh, PA 15222<br>(412) 709-6162 |

FILED

JUN 03 2019

J.S. RANKO
PROTHONOTARY

JURY TRIAL DEMANDED

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

| | |
|---|---|
| PENNY WETZEL and DAVID WETZEL, her husband, | : CIVIL ACTION |
| | : |
| | : No. |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PIER 1 IMPORTS, INC., d/b/a PIER 1 IMPORTS, | : |
| | : |
| Defendants. | : |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Lawyer Referral Service
523 Washington Trust Building
Washington, PA 15301
Telephone: (724) 225-6710

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Southwestern Pennsylvania Legal Aid Society
10 West Cherry Avenue
Washington, Pennsylvania 15301
Telephone: (724) 225-6170

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

| | |
|---|---|
| PENNY WETZEL and DAVID WETZEL, her husband, | : CIVIL ACTION :<br>: No. |
| Plaintiff, | : |
| v. | : : |
| PIER 1 IMPORTS, INC., d/b/a PIER 1 IMPORTS, | : : |
| Defendant. | : : |

## COMPLAINT

AND NOW, come Plaintiffs, Penny and David Wetzel, by and through their attorneys, Anthony C. Mengine, Esquire, Brittani R. Hassen, Esquire, and KONTOS MENGINE KILLION & HASSEN who file the within Complaint, and aver as follows:

## PARTIES:

1. Plaintiff, Penny Wetzel, is an adult individual, and resident of the Commonwealth of Pennsylvania with an address of 796 Baird Avenue, Washington, Pennsylvania 15301.

2. Plaintiff, David Wetzel, is an adult individual and husband of Plaintiff Penny Wetzel residing with her as such at 796 Baird Avenue, Washington, Pennsylvania 15301.

3. Defendant, Pier 1 Imports, Inc., ("Pier 1") is a Delaware corporation, having a corporate headquarters at 100 Pier 1 Place, Fort Worth, Texas 76102-2600 and at all times relevant regularly conducting business activity in Pennsylvania and Washington County by way of selling and/or distributing its products in the Commonwealth.

4. At all times relevant hereto, Defendant acted through its agents and employees acting within the course and scope of their agency or employment.

## FACTS

5. Plaintiffs hereby incorporate all preceding paragraphs as though set forth more fully herein.

6. On or about July 4, 2017, Ms. Wetzel was seated in a Swingasan Chair on the deck of her home in Washington County, Pennsylvania.

7. Said Swingasan chair was purchased by Ms. Wetzel from Defendant Pier 1 for personal use at the home of Ms. Wetzel and her husband.

8. While assembling and using the Swingasan chair, Mr. and Ms. Wetzel used caution to follow the instructions provided with the chair at its purchase and all safety measures recommended thereby.

9. On the aforementioned date, Ms. Wetzel was using the Swingasan chair in a manner which was foreseeable to Defendant.

10. While seated in the Swingasan chair and attempting to simply reposition herself, the chair suddenly, unexpectedly, and uncontrollably lost its center of balance.

11. Due to the sudden, unexpected, and uncontrollable tipping of the chair, Ms. Wetzel was thrown from the chair and off of her porch, causing serious personal injuries, some of which may be permanent in nature.

## COUNT I

## PENNY WETZEL v. PIER 1 IMPORTS, INC.
### *Strict Liability*

12. Plaintiffs hereby incorporate by reference all preceding paragraphs as though set forth more fully herein.

13. At all times relevant hereto, Defendant designed, manufactured, sold and/or distributed the aforesaid Swingasan Chair.

14. Defendant owed a duty of care to Plaintiff to manufacture, distribute and sell products that were free from defects and fit for their intended purposes.

15. Defendant breached this duty by failing to sell the Swingasan chair to Plaintiff free from defects and fit for its intended purposes.

16. The injuries and damages sustained by the Plaintiff set forth herein were caused by and resulted from the Defendant's breach of its responsibilities and legal duties for which the Defendant is strictly liable, pursuant to §402A of the Restatement (Second) of Torts, generally and in the following particulars:

   a. At all times relevant hereto, Defendant was the designer, manufacturer, producer, seller, and/or distributor of the aforementioned chair, which was produced in a defective condition and unreasonably dangerous to Plaintiff; and

   b. Defendant is engaged in the business of designing, manufacturing, producing, selling, and/or distributing said defective product, and knew that the aforesaid product would be sold to the public without substantial change or alteration, or in the alternative, that any such alteration was foreseeable.

17. The aforesaid product was defective pursuant to §402A of the Restatement (Second) of Torts, generally and in the following particulars:

   a. The aforesaid chair was inadequately designed such that the center of gravity of a seated user could pass beyond the footprint of the base of the of the stand, allowing the stand to suddenly overturn;

    b.    The chair failed to contain any device that could restrict the motion of the chair to prevent the center of gravity of a seated user from passing beyond the footprint of the base of the stand;

    c.    The product contained inadequate and/or defective instructions and/or warnings;

    d.    The product contained other defects in its design, construction and manufacture, which contributed to the Plaintiffs' damages as shall be more fully determined.

18. Plaintiff used the Swingasan chair in a manner that was intended and expected by Defendant.

19. As a result of the conduct of the Defendant, as aforesaid, Plaintiff Penny Wetzel sustained various injuries, including:

    a. Concussion,

    b. Left orbital bone fracture;

    c. Cheek bone fracture(s);

    d. Left jaw fracture;

    e. Eye socket fracture;

    f. Migraine headaches;

    g. Memory loss;

    h. Shoulder pain;

    i. Neck pain;

    j. Nerve pain with radiculopathy;

    k. Herniated discs in cervical spine;

    l. Visual disturbances;

    m. Facial disfigurement;

    n. Cracked and broken teeth;

    o. Hematoma on breast; and

p. Other injuries, the full extent of which are unknown at this time.

20. As a result of the conduct of the Defendant, as aforesaid, Plaintiff Penny Wetzel has sustained the following damages, including:

    a. She has suffered and will continue to suffer pain, anxiety, mental anguish and embarrassment;

    b. She has had to receive extensive medical treatment including surgery;

    c. She has incurred medical bills for her treatment;

    d. She has incurred lost wages;

    e. She has suffered the loss of the ordinary pleasures of life; and

    f. Other damages, the full extent of which are unknown at this time.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

## COUNT II

### PENNY WETZEL v. PIER 1 IMPORTS, INC.
### *BREACH OF WARRANTY*

21. Plaintiffs hereby incorporate by reference all preceding paragraphs as though set forth more fully herein.

22. At the time it sold the chair, Defendant was in the business of designing, manufacturing, assembling, distributing, manufacturing and/or selling chairs and was, with respect to the subject chair, a merchant within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

23. Defendant Pier 1 has breached the implied warranties of merchantability and fitness for a particular purpose (i.e. for use under normal, foreseeable, and expected conditions)

in that the aforesaid product failed to have the necessary features and safeguards required to render it safe for normal and expected use, in light of the risks and foreseeable dangers involved in said usage, as set forth in paragraph 16 above, which is incorporated herein by reference as though fully set forth at length herein.

24. As a result of Defendant's breach of warranties, Plaintiff has sustained injuries and damages as set forth in paragraphs 19 through 20 above, which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

## COUNT III

### PENNY WETZEL v. PIER 1 IMPORTS, INC.
### *NEGLIGENCE*

25. Plaintiffs hereby incorporate by reference all preceding paragraphs as though set forth more fully herein.

26. The injuries and damages sustained by the Plaintiff were caused by the negligence, carelessness, and/or other liability producing conduct on the part of the Defendant generally and in the following particulars:

   a. Failing to utilize proper designs or procedures for the manufacture, construction, assembly, distribution, and/or sale of the chair at issue;

   b. Failing to design and/or manufacture the chair with an adequate center of gravity such that a seated user would not be able to pass beyond the footprint of the base of the of the stand, allowing the stand to overturn;

   c. Failing to design and/or manufacture the chair with a device that could restrict the motion of the chair to prevent the center

        of gravity of a seated user from passing beyond the footprint of the base of the stand;

    d.    Failing to properly test the chair after its manufacture and prior to sale;

    e.    Failing to properly inspect the chair prior to its sale;

    f.    Failing to design, manufacture, construct, assemble, distribute, and/or sell the chair in such a manner that it would be safe for its foreseeable uses;

    g.    Failing to include adequate instructions and/or warnings; and

    h.    Failing to warn that the chair was unsafe or could become unsafe for its foreseeable use.

27. As a result of the conduct of the Defendant as aforesaid, Plaintiff sustained the injuries and damages set forth in paragraphs 19 through 20 above, which are incorporated herein as though set forth more fully at length.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

## COUNT IV

### DAVID WETZEL v. PIER 1 IMPORTS, INC.
### *LOSS OF CONSORTIUM*

28. Plaintiffs hereby incorporate by reference all preceding paragraphs as though set forth more fully herein.

29. As the sole, direct, legal and proximate result of the negligence and/or other liability producing conduct of the Defendant, as aforementioned, the Plaintiff David Wetzel has sustained the following damages:

    a.    He has incurred and will continue to incur medical bills on behalf of his wife, the Plaintiff, Penny Wetzel; and

  b.  He has been and will continue to be deprived of the services, society, assistance and consortium of his wife, the Plaintiff, Penny Wetzel.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

        Respectfully submitted,

        KONTOS MENGINE KILLION & HASSEN

        _[signature]_

        Anthony C. Mengine, Esquire
        Brittani R. Hassen, Esquire
        Counsel for Plaintiffs